## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 18-37-GF-BMM** |
| **Plaintiff,** | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE** |
| **$22,500.00 in U.S. Currency,** | |
| **Defendant.** | |

Plaintiff United States of America has moved for an entry of Default

Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 10.)

The Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On February 16, 2018, the United States instituted a judicial forfeiture

action by filing in this cause a Verified Complaint *in Rem* against the Defendant

currency in the amount of $22,500.00, to forfeit property under 21 U.S.C. §§ 841

and 881(a)(6), asserting the Defendant currency was furnished, or intended to be

furnished, in exchange for a controlled substance, and/or was used, or intended to

be used, to facilitate one or more violations of 21 U.S.C. § 841, and 881(a)(6).

(Doc. 1.)

2. On March 2, 2018, the U.S. Marshal Service executed the Warrant of

Arrest *in Rem* (Doc. 4.) that was issued by this Court on March 2, 2018, and arrested the defendant currency. (Doc. 5.)

3. On February 22, 2018, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture (Doc. 2) and Verified Complaint In Rem (Doc. 1) to Devon Draper and his attorney, Jacek W. Lentz, via first class U.S. mail and Certified mail, to the address provided in Mr. Draper's administrative claim. (*See* Doc. 8, ex. 1-4.)

4. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on February 21, 2018, and ending on March 22, 2018. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (February 21, 2018) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 6, Att. 1.)

5. Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Devon Draper, and Unknown Potential Claimants (Doc. 7) and Declaration filed in support of the motion (Doc. 8), the Clerk of

District Court entered the default of Devon Draper, and any unknown potential claimants, on May 2, 2018, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9.)

6. The factual allegations set forth in paragraphs 4 through 36, of the Verified Complaint for Forfeiture *In Rem* are verified by Kevin Evans, Special Agent for the Drug Enforcement Administration. (Doc. 1.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the Defendant currency under 21 U.S.C. §§ 841 and 881(a)(6), as currency constituting monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

8. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States currency found in this district, and the acts or omissions complained of occurred in this district.

9. The Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure govern civil forfeiture actions. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

10. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the Defendant currency described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 21 U.S.C. § 841, and subject to forfeiture under 21 U.S.C. § 881(a)(6).

11. The totality of circumstances as set forth in the Verified Complaint *in Rem,* demonstrates that there is a substantial connection that the Defendant currency was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

12. The government properly provided notice of this action to known potential claimant, Devon Draper, by providing "actual notice" by mailing the Verified Complaint *In Rem*, in accordance with Supplemental Rule G(4)(b)(v).

13. The government further provided notice by publication to unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

14. The Clerk of District Court properly entered the default of Devon Draper, and any unknown claimants in accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5). (Doc. 9.)

15. The United States is entitled to a judgment of default against the Defendant currency in the amount of $22,500.00, as to any claim by Devon Draper and unknown potential claimants. Fed. R. Civ. P. 55(b)(2), 56(a).

19. The United States is further entitled to an order of forfeiture of the Defendant currency in the amount of $22,500.00.

**IT IS ORDERED**:

1. The United States is granted judgment against the Defendant currency in the amount of $22,500.00, and against any person asserting a claim to, or interest in, the Defendant currency.

2. The Defendant currency consisting of $22,500.00, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 4th day of June, 2018.

Brian Morris
United States District Court Judge